# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

NORMAN ADAMS                                                                                           PLAINTIFF
ADC #136063

v.                                              4:16CV00813-BSM-JJV

C. WILLIAMS, Lieutenant,
White County Detention Center; *et al*.                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

1

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I. BACKGROUND**

Norman Adams ("Plaintiff"), formerly incarcerated at the White County Detention Center, filed this *pro se* action along with two co-plaintiffs pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff alleges a violation of his First Amendment rights with regard to the free exercise of religion. (*Id*. at 4.) On March 9, 2017, I notified Plaintiff that his Complaint was devoid of facts and failed to state a claim upon which relief could be granted. (Doc. No. 10.) I suggested dismissal would be likely and offered him a chance to amend within thirty days. (*Id*.) Thirty days have now passed, and Plaintiff has not filed an Amended Complaint. After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2

## II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

The Complaint makes six allegations, but only one pertains to Plaintiff. (Doc. No. 1 at 4-5.) The relevant allegation states only, "On Oct. 30 2016 we . . . were forcefully denied our religion as a form of punishment by Ms. Crenshaw, Lt. Williams, Corporal Donnell[.]"

3

(*Id.* at 4.) Although I am always concerned about any allegation stating jailers denied an inmate the right to practice his or her religion, this allegation wholly fails to state sufficient facts about how Defendants Crenshaw, Williams, and Donnell actually violated Plaintiff's constitutional rights. Without more, these allegations simply fail to state a claim upon which relief can be granted. *Bell Atlantic Corp.*, 550 U.S. at 570 (a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"). If Plaintiff has additional facts to offer that would support an allegation these Defendants violated his constitutional rights, he should state them in his objections to this Recommended Disposition.

**IV.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

DATED this 12th day of April, 2017.

                                                     _____
                                                   JOE J. VOLPE
                                                   UNITED STATES MAGISTRATE JUDGE